UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONSTANTINO KASTIS,

      Plaintiff,

v.                            Case No. 8:18-cv-3094-T-33AEP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

**ORDER**

Plaintiff Constantino Kastis initiated this action for uninsured/underinsured motorist benefits in state court. (Doc. # 1-1). Thereafter, Defendant State Farm Mutual Automobile Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). "Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

It is well settled that "for federal diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000." Underwriters at Lloyd's

London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. See (Doc. # 1-1 at ¶ 1) ("This is an action for damages that exceed fifteen thousand dollars ($15,000) . . . ."). Instead, State Farm relies on Kastis's pre-suit demand letter to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 1 at ¶ 6). But demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). Indeed, "[a] pre-suit settlement demand provides only marginal evidence of the amount in controversy . . . ." Bylsma v. Dolgencorp, LLC, No. 8:10-cv-1760-T-23TBM, 2010 WL 3245295, at *1 (M.D. Fla. Aug. 17, 2010).

Here, the demand letter states Kastis has incurred $24,925 in medical expenses and $31,500 in lost wages. (Doc. # 1-5 at 7). The

letter also states Kastis's doctor opined that Kastis would require continuing medical treatment, estimated at $2,000 per year, for a total of $47,963.80 in future medical expenses. (Id.). Based on this estimate, Kastis has presumably incurred three years of annual medical expenses, which is $6,000 total, since the May 3, 2015 accident. (Doc. # 1 at ¶ 1). Therefore, as of the date of removal, Kastis has incurred $62,425 in total expenses thus far. On the other hand, the remaining damages for Kastis's future medical expenses are hypothetical. See Rodriguez v. Family Dollar #6732, No. 8:17-cv-1340-T-33JSS, 2017 U.S. Dist. LEXIS 88594, at * 3 (M.D. Fla. June 9, 2017) (remanding case because demand letter's allegations that plaintiff incurred $46,025 in medical expenses and would incur $65,000 in future medical expenses were insufficient to meet the amount-in-controversy requirement).

As only $62,425 in economic damages have been incurred, with the remaining damages speculative, the letter's demand for an amount over $75,000 does not satisfy State Farm's burden of establishing the jurisdictional amount-in-controversy threshold. Consequently, this action is remanded for lack of subject-matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject-matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of December, 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE